UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BIOLOGICAL PROCESSORS<br>OF ALABAMA, INC. | MISC. ACTION |
| VERSUS | NO. 09-3673 |
| NORTH GEORGIA ENVIRONMENTAL<br>SERVICES, INC. ET AL. | SECTION "S" (2) |

# ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:   James F. Willeford and Marian Livaudais's Rule 45 Motion to Quash or Modify Subpoena, Record Doc. No. 1

O R D E R E D:

 XXX : GRANTED IN PART, DENIED IN PART AND DISMISSED AS MOOT IN PART.  This is an odd motion.  Movants are two non-parties, James F. Willeford and Marian Livaudais, in their individual capacities.  The subpoenas duces tecum that are the subject of the motion are not directed to Willeford and Livaudais in their individual capacities.  The subpoenaed entities are non-parties Asean Homes, Inc., Harbour Townhomes, LLC, Global Remediation, Inc. and Inversiones Bellrim, S.A.  Movants received the subpoenas as the registered agents for service of process for these entities.  This was proper service.  GMA Accessories, Inc. v. Eminent, Inc., No. 07 Civ. 3219, 2007 WL 4456009, at *1 (S.D.N.Y. Dec. 11, 2007) (citing 9 James W. Moore, Moore's Federal Practice § 45.21[1] (3d ed. 2007)); State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., Inc., No. 04CV5045ILGKAM, 2005 WL 2465818, at *3 (E.D.N.Y. Oct. 6, 2005) (citing Fed. R. Civ. P. 4(h)(1); In re Grand Jury Subpoenas Issued to 13 Corps., 775 F.2d 43, 46 (2d Cir. 1985); Krepps v. Reiner, No. 05 Civ. 107, 2005 WL 1793540, at *2 (S.D.N.Y. June 24, 2005); Ultradent Prods., Inc. v. Hayman, No. M8-85 (RPP), 2002 WL

31119425, at *3 (S.D.N.Y. Sept. 24, 2002)). The subpoenaed entities have not objected to the subject subpoenas.

The movants make three objections: (1) The information sought is protected by the attorney-client privilege and/or work product doctrine. (2) The information is not discoverable because it is not relevant and will not lead to admissible evidence. (3) The subpoenas impose an undue burden on movants because the subpoenas request records dating back more than 20 years.

The motion is dismissed as moot as to the first objection, subject to the privilege log requirement at the end of this order. The party that issued the subpoenas, Dow Reichold Specialty Latex, LLC ("Dow"), has made it clear in its opposition memorandum that it does not seek privileged materials. Record Doc. No. 5, at p. 4.

The motion is denied insofar as movants object on the basis of relevance. The subpoenas seek information that appears both relevant to the claims or defenses of the parties and reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

The motion is also denied insofar as movants object that the subpoenas impose an undue burden on them. Movants bear the burden of establishing that the subpoenas violate Rule 45. Recycled Paper Greetings, Inc. v. Davis, No. 1:08-MC-13, 2008 WL 440458, at *2 (N.D. Ohio Feb. 13, 2008). When the burdensomeness of a subpoena is at issue, the onus is on the party who alleges the burden to establish the burden with specificity, "and assertions of a burden without specific estimates of staff hours needed to comply' are typically rejected." Thomas v. IEM, Inc., No. 06-886-B-M2, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008) (Noland, M.J.) (quoting Gabe Staino Motors, Inc. v. Volkswagen of Am., No. 99-5034, 2003 WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003)). The subject subpoenas impose no burden on movants, who have been served with the subpoenas only in their capacities as registered agents for service of process of the corporations. If any undue burden exists, it might conceivably be imposed on the corporate entities, but they have made no such objection. Certainly, no evidence, as opposed to unsubstantiated assertion, has been presented to support any allegation of undue burdensomeness. Movants fail to carry their burden to show that the subpoenas are excessively burdensome.

I note, however, that the subpoenas duces tecum on their face "fail to allow a reasonable time to comply." Fed. R. Civ. P. 45(c)(3)(A)(i). The subpoenas were issued on May 22, 2009 and, according to Dow's opposition memorandum, were served on May 26, 2009. Each subpoena required the production of 18 categories of documents on May 29, 2009. Thus, the respondents had only three days to comply with numerous, lengthy requests. That period is clearly unreasonable, particularly when the 14-day

2

period for serving objections set forth in Fed. R. Civ. P. 45(c)(2)(B) is generally considered a reasonable time. Thomas v. IEM, Inc., No. 06-886-B-M2, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008); Recycled Paper Greetings, Inc. v. Davis, No. 1:08-MC-13, 2008 WL 440458, at *2 (N.D. Ohio Feb. 13, 2008); Anderson v. Dobson, No. 1:06CV2, 2006 WL 3390631, at *3 (W.D.N.C. Nov. 22, 2006); Freeport McMoran Sulpher,[1] LLC v. Mike Mullen Energy Equip. Resource, Inc., No. Civ.A.03-1496, 2004 WL 595236, at *9 (E.D. La. Mar. 23, 2004). Dow has proffered no explanation for the extremely short response period of its subpoenas and no exigent circumstances are imposed in the court's scheduling orders in the underlying Alabama litigation to which Dow is a party. The discovery deadline is not until August 31, 2009, and the trial is scheduled for January 19, 2010. Biological Processors of Alabama, Inc. v. North Georgia Environmental Services, Inc. and Dow Reichold Specialty Latex, LLC, United States District Court for the Northern District of Alabama, Civil Action No. 08-331, Record Doc. No. 32.

When a subpoena fails to allow a reasonable time to comply and the respondent files a "timely motion, the issuing court must quash or modify a subpoena." Fed. R. Civ. P. 45(c)(3)(A) (emphasis added). Accordingly, IT IS ORDERED that the subpoenas are modified as follows:

Asean Homes, Inc., Harbour Townhomes, LLC, Global Remediation, Inc. and Inversiones Bellrim, S.A. must respond to the subpoenas duces tecum, either by objecting as permitted by Fed. R. Civ. P. 45(c)(2)(B) and/or by producing all non-privileged, responsive materials as to which they have no objection, no later than June 26, 2009. If any subpoenaed entity objects to producing any responsive materials on the basis of the attorney-client privilege or work product doctrine, that entity must identify the materials in a log, as required by Fed. R. Civ. P. 45(d)(2), by the same date.

New Orleans, Louisiana, this  11th  day of June, 2009.

*[signature]*

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the actual caption of the case spells "Sulphur" correctly, the Westlaw cite spells it incorrectly as "Sulpher."