UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BIOLOGICAL PROCESSORS                                               MISC. ACTION
OF ALABAMA, INC.

VERSUS                                                              NO. 09-3673

NORTH GEORGIA ENVIRONMENTAL                                         SECTION "S" (2)
SERVICES, INC. ET AL.


**ORDER ON MOTIONS**

APPEARANCES:  None (on the briefs)

MOTIONS:       (1)   Motion for Reconsideration of Order of June 11, 2009, Record Doc. No. 9
               (2)   Rule 45 Motion to Quash or Modify Subpoena, Record Doc. No. 10

O R D E R E D:

 (1) : GRANTED. My previous order, Record Doc. No. 8, concerning subpoenas that were issued by this court, was in error when it indicated that James F. Willeford received the subject subpoena in the capacity of registered agent for service of process of Inversiones Bellrim, S.A. There were four subpoenas to four separate subpoena recipients that were the subject of the previous motion. The evidence established that Willeford was the registered agent for service of process only for two of the four subpoena recipients, Harbour Townhomes, LLC and Global Remediation, Inc., with Marian Livaudais as registered agent for service of process for subpoena recipient, Asean Homes, Inc., Record Doc. No. 5-4, Exhibit C, and neither as registered agent for service of process of Inversiones Bellrim, S.A. The evidence submitted by the issuer of the subpoena concerning Willeford's relationship to Inversiones Bellrim, S.A. established only that he acted as "Agent and Attorney-in-Fact" for Inversiones Bellrim, S.A. in connection with a distinct agreement concerning a particular Alabama transaction. This is insufficient to establish either that Willeford is a general agent or other authorized agent of Inversiones Bellrim, S.A. with broader authority to accept service of process or that Inversiones Bellrim, S.A. has minimum contacts with Louisiana sufficient to support this court's exercise of subpoena power over it. My own research of the records of the

Louisiana Secretary of State, Commercial Division, Corporations Database, available on that office's website has located no record of Inversiones Bellrim, S.A. doing business or having any registered agent in this state. Thus, my previous order is modified to quash the subpoena issued to Inversiones Bellrim, S.A. because it was not properly served. In all other respects, my previous order remains unaltered.

 (2) : GRANTED IN PART AND DENIED IN PART. The motion is denied insofar as it relates to the subpoenas issued to Harbour Townhomes, LLC and Global Remediation, Inc. These particular subpoenas, Record Doc. Nos. 10-4 and 10-5, were issued by the United States District Court for the Middle District of Alabama in connection with litigation pending the United States District Court for the Northern District of Alabama. It appears on the face of these two subpoenas that they ought to be quashed because (a) they purport to serve persons who are clearly outside of the subpoena power of either court in Alabama, (b) they provide an unreasonably short time to comply, and (c) they are unreasonably duplicative, cumulative and harassing because they are essentially the same subpoenas which Dow also caused to be issued by this court, Record Doc. Nos. 1-3 Exhibits 2 and 3, and which have already been the subject of my previous order. In my estimation, in order to avoid the imposition of sanctions against it, Dow would be well-advised voluntarily to withdraw these two subpoenas. However, "[t]he 1991 amendments to Rule 45(c) now make it clear that motions to quash, modify, or condition the subpoena are to be made in the district court of the district from which the subpoena issued." C. Wright, A. Miller, Federal Practice and Procedure: Civil 3d, § 2463.1 at p. 485 (Thomson West 2008); Fed. R. Civ. P. 45(c)(3)(A). In addition, the court in which the underlying litigation is pending has authority to issue an appropriate protective order concerning this discovery. Fed. R. Civ. P. 26(c). The United States District Court for the Eastern District of Louisiana, however, which did not issue these subpoenas and which is not the forum where the underlying litigation is pending, is not the proper court to quash these improper subpoenas.

Unlike the other two subpoenas that are the subject of this motion, the subpoena to Owls Security Trust ("Owls"), Record Doc. No. 10-6, was issued by this court, which has authority to act on the motion. Fed. R. Civ. P. 45(c)(3)(A). Movant essentially makes four objections: (1) The information sought is protected by some privilege. (2) The information is not discoverable because it is not relevant and will not lead to the discovery of admissible evidence. (3) The subpoena imposes an undue burden on movant. (4) The subpoena seeks "confidential commercial information."

The motion is dismissed as moot as to the first objection, subject to the privilege log requirement at the end of this order. The party that issued the subpoena, Dow

Reichold Specialty Latex, LLC ("Dow"), has made it clear in its opposition memorandum that it does not seek privileged materials. Record Doc. No. 12 at p. 4.

The motion is granted in part and denied in part insofar as movant objects on the basis of relevance. I note that Dow has agreed in its opposition memorandum to limit and narrow its Requests for Production Nos. 6, 7, 8, 13 and 14 as provided therein. The subpoena is hereby modified to reflect those agreed-upon limitations. In addition, it appears that the absence of any time frame in the requests would yield information that is not relevant to the parties' claims or defenses. Accordingly, the motion is also granted in part in that the subpoena is modified to require the production of materials only from 2001, which is one year prior to the transactions alleged in the complaint, through the present. Subject to these limitations and modifications, the subpoena seeks information that appears both relevant to the claims or defenses of the parties and reasonably calculated to lead to the discovery of admissible evidence, Fed. R. Civ. P. 26(b)(1), and the remainder of the relevance objection is overruled.

The motion is denied insofar as movants object that the subpoena imposes an undue burden. Movant bears the burden of establishing that the subpoena violates Rule 45. Recycled Paper Greetings, Inc. v. Davis, No. 1:08-MC-13, 2008 WL 440458, at *2 (N.D. Ohio Feb. 13, 2008). When the burdensomeness of a subpoena is at issue, the onus is on the party who alleges the burden to establish the burden with specificity, "and assertions of a burden without specific estimates of staff hours needed to comply' are typically rejected." Thomas v. IEM, Inc., No. 06-886-B-M2, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008) (Noland, M.J.) (quoting Gabe Staino Motors, Inc. v. Volkswagen of Am., No. 99-5034, 2003 WL 25666135, at *2 (E.D. Pa. Feb. 28, 2003)). No evidence, as opposed to unsubstantiated assertion, has been presented to support any allegation of undue burdensomeness. Movant fails to carry its burden to show that the subpoena is excessively burdensome.

On its face, however, the subpoena seeks some information, including, for example, tax returns and other financial records, that may constitute confidential commercial information. These materials responsive to the subpoena must be produced, but subject to the following protective order: Commercially sensitive information produced in accordance with this order must be marked and kept confidential and used only for purposes of the underlying litigation and must not be disclosed to any one, except parties to the underlying litigation, the parties' counsel of record and experts retained in connection with the underlying litigation. All persons to whom such information is disclosed must sign an affidavit that must be filed into the record of this court and the court where the underlying litigation is pending, agreeing to the terms of the protective order and submitting to the jurisdiction of this court and the court in which the underlying litigation is pending for enforcement of those terms. If any party seeks

to add other terms to this protective order or contests the designation of information as confidential and subject to this protective order, counsel must confer immediately and submit an appropriate motion.

I note that the subpoena on its face "fail(s) to allow a reasonable time to comply." Fed. R. Civ. P. 45(c)(3)(A)(i). The subpoena was issued on June 5, 2009 and required the production of 17 categories of documents on June 12, 2009. Thus, the respondents had at most seven days to comply with numerous, lengthy requests. That period is clearly unreasonable, particularly when the 14-day period for serving objections set forth in Fed. R. Civ. P. 45(c)(2)(B) is generally considered a reasonable time. Thomas v. IEM, Inc., No. 06-886-B-M2, 2008 WL 695230, at *3 (M.D. La. Mar. 12, 2008); Recycled Paper Greetings, Inc. v. Davis, No. 1:08-MC-13, 2008 WL 440458, at *2 (N.D. Ohio Feb. 13, 2008); Anderson v. Dobson, No. 1:06CV2, 2006 WL 3390631, at *3 (W.D.N.C. Nov. 22, 2006); Freeport McMoran Sulpher,[1] LLC v. Mike Mullen Energy Equip. Resource, Inc., No. Civ.A.03-1496, 2004 WL 595236, at *9 (E.D. La. Mar. 23, 2004). Dow has proffered no explanation for the extremely short response period of its subpoena and no exigent circumstances are imposed in the court's scheduling orders in the underlying Alabama litigation to which Dow is a party. When a subpoena fails to allow a reasonable time to comply and the respondent files a "timely motion, the issuing court must quash or modify a subpoena." Fed. R. Civ. P. 45(c)(3)(A) (emphasis added). Accordingly,

**IT IS ORDERED** that Owls Security Trust must respond to the subpoena, as provided in this order, producing all non-privileged, responsive materials no later than **July 31, 2009**. If Owls has no materials in its possession, custody or control responsive to particular requests, it must clearly say so in a verified response to the subpoena. If Owls objects to producing any responsive materials on the basis of the attorney-client privilege or work product doctrine, it must identify the materials in a log, as required by Fed. R. Civ. P. 45(d)(2), provided to Dow by that same date.

New Orleans, Louisiana, this   15th   day of July, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Although the actual caption of the case spells "Sulphur" correctly, the Westlaw cite spells it incorrectly as "Sulpher."